O’Neill, J.
The first question presented by this appeal is whether the Court of Appeals erred in holding that a bill of exceptions was not necessary.
The plaintiff relies upon Section 2505.08, Revised Code, which provides that “the clerk * * * shall * # * prepare and file in the court to which the appeal is taken, a transcript of the docket or journal entries, with such original papers or transcripts as are necessary to exhibit the error complained of.”
Plaintiff argues further that Section 2311.041, Revised Code, paragraphs (B) and (C), so limits the documents and papers to be considered by the court in ordering a summary judgment that a bill of exceptions is not necessary.
*145 In the ordinary civil case, depositions or affidavits relating to the facts in the case do not become a part of the record on appeal simply because they are filed in the court below. Depositions must be incorporated into a bill of exceptions to be brought on the record before the reviewing court. Knowlson v. Bellman, 160 Ohio St., 359, in the fifth paragraph of the syllabus, holds:
“Where a decree of the Court of Common Pleas is appealed from to the Court of Appeals on questions of law and fact and the Court of Appeals hears and determines the controversy de novo, the latter court becomes the trial court, and where its decree is brought before the Supreme Court for review and there is no bill of exceptions in the Supreme Court prepared and filed in conformity with statutory requirements, which bill is necessary to disclose the errors complained of, the Supreme Court will either dismiss the appeal or affirm the decree of the Court of Appeals.”
This rule should be applied in summary-judgment proceedings.
It is only in this way that a reviewing court can know what the trial court considered in reaching its conclusions upon the questions of law which it decided. Only where there is an authenticated bill of exceptions signed by the trial court and certified, can a reviewing court be certain that it has before it on the record all the documents, papers, depositions, affidavits and admissions which the trial court had before it and considered in reaching a decision.
Since this court is of the opinion that the Court of Appeals was in error in holding that a bill of exceptions was not necessary, this court need not consider other assignments of error.
The judgment of the Court of Appeals is, therefore, reversed, and the judgment of the Common Pleas Court is affirmed.
Judgment reversed.
Taft, C. J., Zimmerman, Griffith, Herbert and Gibson, JJ., concur.
Matthias, J., not participating.